*Law Offices of*
***SCHWARTZ & POSNOCK***
David A. Schwartz, Esq.
Attorney ID No. 024001983
99 Corbett Way
Suite 203
Eatontown, New Jersey 07724
(732) 544-1460
Attorneys for Defendants Township of Holmdel, Patrolman
Jonathan C. Martin, and Police Chief John Mioduszewski

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| THOMAS W. TRAMAGLINI,<br><br>Plaintiff,<br><br>vs.<br><br>PATROLMAN JONATHAN C. MARTIN, POLICE CHIEF JOHN MIODUSZEWSKI, HOLMDEL TOWNSHIP, LAW ENFORCEMENT OFFICER JOHN/JANE DOES 1-20, NON-LAW ENFORCEMENT INDIVIDUALS JOHN/JANE DOES 1-10, ABC ENTITIES 1-5, AND BODY POLITICS 1-5,<br><br>Defendants. | Civil Action No. 3:19-cv-11915<br><br><br><br>**CERTIFICATION OF DAVID A. SCHWARTZ IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.Civ.P. 12(b)(6)** |

I, DAVID A. SCHWARTZ, of full age, do hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and a member of the law firm

of  Schwartz & Posnock.  Our firm represents defendants Township of Holmdel, Patrolman

Jonathan C. Martin, and Police Chief John Mioduszewski in the above-captioned case.  I make

this certification in support of defendants' motion to dismiss the complaint for failure to state a

claim upon which relief can be granted within the meaning of F.R.Civ.P. 12(b)(6).

2.     I have personal knowledge of the facts and circumstances set forth herein below.

3.     A true and correct copy of the complaint in the matter of *Thomas W. Tramaglini v. Patrolman Jonathan C. Martin, et atl.,* filed in United States District Court, the District of New Jersey, Trenton Vicinage, Civil Action No. 3:19-cv-11915, is attached hereto as Exhibit A.

4.     A true and correct copy of the Notice of Tort Claim identified as Exhibit A to the complaint is attached hereto as Exhibit B.

5.     A true and correct copy of transcript of docket in the matter of *State of New Jersey v. Thomas W. Tramaglini*, SC-2018-014654 is attached hereto as Exhibit C.

6.     A true and correct copy of State of New Jersey Executive Order #69 is attached hereto as Exhibit D.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ David A. Schwartz

By:     _____

DAVID A. SCHWARTZ
Schwartz & Posnock
Attorneys for Defendants Township of Holmdel,
Ptl. Jonathan C. Martin, and Police Chief John
Mioduszewski

Dated:  June 21, 2019

2

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS W. TRAMAGLINI,<br><br>Plaintiff,<br><br>vs.<br><br>PATROLMAN JONATHAN C. MARTIN, POLICE CHIEF JOHN MIODUSZEWSKI, HOLMDEL TOWNSHIP, LAW ENFORCEMENT OFFICER JOHN/ JANE DOES 1-10, NON-LAW ENFORCEMENT INDIVIDUAL JOHN/ JANE DOES 1-10, ABC ENTITIES 1-5, AND BODY POLITICS 1-5,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Thomas W. Tramaglini ("Plaintiff" or "Tramaglini"), by and through his attorneys, Fox Rothschild LLP, by way of his complaint against Patrolman Jonathan C. Martin ("Patrolman Martin"), Police Chief John Mioduszewski ("Chief Mioduszewski"), Holmdel Township ("Holmdel"), Law Enforcement Officer John/Jane Does 1-10 ("L.E.O. John/Jane Does 1-10"), Non-Law Enforcement Individual John/ Jane Does 1-10 ("Non-L.E.O John/Jane Does 1-10"), ABC Entities 1-5 ("ABC Entities 1-5"), and Body Politics 1-5 ("Body Politics 1-5") (collectively, "Defendants"), hereby alleges as follows:

**INTRODUCTION**

1.      This federal lawsuit arises out of the unlawful taking and subsequent leaking by law enforcement personnel of a photograph that was taken of Plaintiff by one or more officers, agents, and/or employees of the Holmdel Township Police Department during the early morning hours of May 1, 2018 with the intent to harm and damage Plaintiff under circumstances where the referenced officers, agents, and/or employees had no legal right to do so.

2.      Plaintiff was unlawfully taken into custody by Patrolman Martin without being issued a *Miranda* warning on May 1, 2018, and issued two separate Summons-Complaints for alleged violations of two non-criminal Holmdel Municipal Ordinances (the "Non-Criminal Ordinance Citations").

3.      So-called booking "mugshots" are expressly prohibited under operative New Jersey law for such low level, non-criminal offenses.

4.      Nonetheless, Plaintiff was photographed on May 1, 2018.

5.      Plaintiff has sustained significant damages as a proximate result of the unauthorized, intentional, reckless, malicious, and unlawful conduct outlined herein that was orchestrated, facilitated, endorsed, and/or condoned by the Defendants.

6.      The prohibition against taking "mugshots" is so widely known in the law enforcement community that it is embodied in the rules and regulations of, among other law enforcement agencies with supervisory authority over the Holmdel Police Department, the Monmouth County Prosecutor's Office.

7.      The damages, along with costs, interest, and reasonable attorneys' fees incurred by Tramaglini as a direct and proximate consequence of the conduct outlined herein have been, and continue to be, significant.

8.      Tramaglini will never achieve the level of compensation, benefits, and retirement pension income that he would have otherwise if the unlawfully taken photographs of him had not been released into the media to satisfy the prurient interests of certain members of the Holmdel Township Police Department and others that they conspired with.

2

9.     The actions and omissions of the Defendants outlined herein represent the height of professional irresponsibility and constitute a violation of the public trust, warranting punitive damages.

## JURISDICTION

10.     Among other State and Federal claims, this action is brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth and Sixth Amendments to the United States Constitution.

11.     Jurisdiction is appropriate in the United States District Court pursuant to 28 U.S.C. §1331, as, among other claims, this action seeks redress for violations of Federal law.

12.     The United States District Court has supplemental jurisdiction over the purely state law issues presented in this action pursuant to 28 U.S.C. §1367 because Plaintiff's New Jersey State law claims arise out of the same set of operative facts as Plaintiff's Federal claims.

13.     Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(b) because Defendants are a municipal subdivision and/or residents of the State of New Jersey.

14.     Venue is also appropriate in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) because the State of New Jersey is where all of the facts giving rise to the causes of action set forth in this Complaint occurred.

## PARTIES

15.     Plaintiff is, and was at all times relevant hereto, a resident of the State of New Jersey. Prior to being forced out of public education due to the unlawful actions and omissions of the Defendants outlined herein, Plaintiff had achieved the highest levels of education and training for educators, was employed at all levels of public education for over twenty years, and was most recently employed as the Superintendent of the Kenilworth, New Jersey public schools. In New

3

Jersey, the Superintendent of a public school district is the chief executive officer of that district, responsible for oversight of all day-to-day operations of the school district, and is the executive responsible for the implementation of educational programs, spending and budgetary matters, and district facilities. The superintendent hires, supervises, and manages the faculty, staff, and principals of the school district.

16.     Patrolman Martin is, and was at all times relevant hereto, a resident of the State of New Jersey. Patrolman Martin is, and was at all times relevant hereto, a police officer employed by Holmdel, and assigned as the School Resource Officer ("SRO") for Holmdel Township High School. In New Jersey, SROs are duly authorized police officers whose primary assignment is to conduct law enforcement activities inside schools. It is typical for an SRO such as Patrolman Martin to be provided an office inside of a school, and for SROs to have access to school systems and resources like internet service, school district email accounts, and other assets belonging to the school district that would not otherwise be readily accessible to law enforcement officers in the ordinary course of their duties. Patrolman Martin is named as a party to this action as a defendant in both his individual and official capacities.

17.     Chief Mioduszewski is, and was at all times relevant hereto, a resident of the State of New Jersey. Chief Mioduszewski is, and was at all times relevant hereto, a police officer employed by Holmdel, and serves as the highest executive officer of the Holmdel Police Department with ultimate supervisory responsibility for all training and operations of the Holmdel Police Department and all of its officers, including SROs like Patrolman Martin who are assigned to the Holmdel public schools. Chief Mioduszewski is named as a party to this action as a defendant in both his individual and official capacities.

4

18.    Holmdel is a duly designated municipality organized pursuant to the laws of the State of New Jersey, with its Town Hall located at 4 Crawfords Corner Rd., Holmdel, New Jersey, 07733. Holmdel is authorized by New Jersey law to maintain a police department that acts as its agent and an agent of the State of New Jersey in the area of law enforcement, and for which the municipality is ultimately responsible.  Holmdel assumes the risks incidental to the maintenance of a police department and the employment of police officers, including, but not limit to, ensuring that its police officers act in accordance with New Jersey law, that the municipality's police department enacts rules and regulations that conform to New Jersey law, and that its police officers are properly trained.  Holmdel was, at all times relevant hereto, the employer of Patrolman Martin, Chief Mioduszewski, L.E.O. John/ Jane Does 1-10, and one or more of Non-L.E.O John/Jane Does 1-10.

19.    L.E.O. John/Jane Does 1-10 are individual law enforcement officers employed by Holmdel and/or other neighboring law enforcement agencies within the State of New Jersey, whose identifies and precise roles in connection with the allegations set forth herein shall be revealed through the discovery process that have aided, abetted, assisted, and otherwise cooperated and/or participated with the remaining Defendants in connection with the unlawful actions and omissions set forth herein.  At all times relevant herein, L.E.O. John/Jane Does 1-10 were acting under color of New Jersey State law as the agents, servants, and/or employees of Holmdel and/or another municipal subdivision of the State of New Jersey.  L.E.O. John/Jane Does 1-10 include, but are not limited to, individuals vested with authority by law for the screening, training, supervision, investigation, discipline and conduct of Patrolman Martin and other of the  L.E.O. John/Jane Does 1-10 responsible for the unlawful actions and omissions set forth herein.

5

20.     Non-L.E.O John/Jane Does 1-10 are individuals, whose identities and precise roles in connection with the allegations set forth herein shall be revealed through the discovery process, including, but not limited to members of the media and employees, agents, and/or other representatives of local municipal boards of education in Holmdel and/or other surrounding communities, that have aided, abetted, assisted, conspired with and otherwise cooperated and/or participated with the remaining Defendants in connection with the unlawful actions and omissions set forth herein.

21.     ABC Entities 1-5 are entities, whose identities and precise roles in connection with allegations set forth herein shall be revealed through the discovery process, including, but not limited to, media organizations, that have aided, abetted, assisted conspired with, cooperated and/or participated with the remaining Defendants in connection with the unlawful actions and omissions set forth herein.

22.     Body Politics 1-5, are political bodies, municipal organizations, municipal subdivisions, and/or other governmental and quasi-governmental affiliates of the State of New Jersey, whose identities and precise roles in connection with the allegations set forth herein shall be revealed through the discovery process, that have aided, abetted, assisted, conspired with and otherwise cooperated and/or participated with the remaining Defendants in connection with the unlawful actions and omissions set forth herein, including, but not limited to, municipalities surrounding Holmdel and/or elsewhere throughout New Jersey, law enforcement agencies surrounding Holmdel and/or elsewhere throughout New Jersey, and/or boards of education surrounding Holmdel and/or elsewhere throughout New Jersey.

6

## NOTICE OF TORT CLAIM

23.    On or about July 24, 2018, Plaintiff timely served a Notice of Claim, as required

by the New Jersey Tort Claims Act, N.J.S.A. §59:1-1 *et seq.*, upon Holmdel.  A copy of the

referenced Notice of Claim, redacted to protect private, personally identifying information, is

annexed hereto as **Exhibit A**.

## FACTS COMMON TO ALL COUNTS

**A.    Plaintiff is Issued Two Complaint-Summonses for Non-Criminal Municipal Ordinances**

24.    On May 1, 2018, Plaintiff was approached by Patrolman Martin, pre-dawn, at the

Holmdel High School athletic complex where Plaintiff had been running for exercise.

25.    After approaching Plaintiff in the dark, Patrolman Martin commanded Plaintiff to

meet him at the Holmdel Township Police Department.

26.    Plaintiff complied with Patrolman Martin's directives and otherwise fully

cooperated with Patrolman Martin's commands.

27.    Plaintiff was allowed to drive his personal vehicle to the Holmdel Police

Department headquarters while, at the same time, Patrolman Martin drove himself there separately

in a municipal police vehicle.

28.    Once Plaintiff arrived at the Holmdel Police Department headquarters during the

early morning hours of May 1, 2018, he was issued two summonses for alleged violations of two

separate non-criminal Holmdel Municipal Ordinances.

29.    At no time during his encounter with Patrolman Martin at the Holmdel High School

athletic complex during the early morning hours of May 1, 2018 was Plaintiff free to leave.

7

**B.     The Unlawfully Taken Booking Photograph**

30.    While Plaintiff was at the Holmdel Township Police Department on May 1, 2018, Plaintiff was assigned Holmdel Township Police Department ID booking arrest number 008978, and photographed by Patrolman Martin and others using a Holmdel Township Police Department camera and booking plaque (the "Booking Photograph" or "Mug Shot").

31.    The referenced Booking Photograph was immediately thereafter widely disseminated to the news media and others.

32.    Taking the Booking Photograph was prohibited by New Jersey law.

33.    The subsequent dissemination of the Booking Photograph was also prohibited by New Jersey law.

**C.     The Unlawfully Taken Booking Photograph is Immediately Published Around the World to Plaintiff's Extreme Detriment**

34.    On or about May 2, 2018 and May 3, 2018, the Booking Photograph that was unlawfully taken at the Holmdel Police Department on May 1, 2018 was first published by media outlets from around the world along with false and misleading stories about the supposed "arrest" of Tramaglini.

35.    In New Jersey, Tramaglini's unlawfully taken and disseminated Mug Shot was the lead story from local media outlets like the Asbury Park Press and NJ.com for days.

36.    Multiple whistleblowers from inside NJ.com at the time have revealed that Christopher Kelly, the current Director, News Innovation, Topics and Features for NJ.com, instructed journalists to write multiple, redundant stories lacking any news value whatsoever focusing primarily on what was depicted in the unlawfully taken and disseminated Booking Photograph.

8

37.     Mr. Kelly, according to multiple whistleblowers, remarked, "let's have some fun with this[,]" at or around the time that he saw the unlawfully taken and disseminated Booking Photograph of Tramaglini and false and misleading stories of the alleged "arrest" of Tramaglini first emerged from the Holmdel Township Police Department in the worldwide media.

38.     Despite the resistance of many in the NJ.com newsroom, Mr. Kelly forced journalists to continue publishing Tramaglini's Mug Shot and related stories of Tramaglini's supposed "arrest."   These stories ultimately fueled other national and international stories providing false and misleading information.

39.     Despite reports, Tramaglini was not arrested, but he was instead issued two Summons-Complaints for alleged violations of non-criminal municipal ordinances.

40.     This pattern of embellished, sensationalized reporting based upon the impressions first created by the Defendants and those acting in concert with them repeated as the story of Tramaglini's supposed "arrest" and resulting court appearances were reported throughout the State of New Jersey, the nation, and the world during the summer and fall of 2018.

41.     The Booking Photograph should have never been taken, to say nothing of the fact that it was immediately thereafter unlawfully released into the public domain, fueling sophomoric, inaccurate, and damaging "new stories" about Plaintiff.

42.     Media outlets and others purporting to operate as media outlets falsely reported that Plaintiff had been "arrested" for criminal offenses, not merely that he had been cited for two alleged violations of non-criminal municipal ordinances.

43.     These false narratives emerged entirely due to, and were otherwise fueled by, the unlawful conduct of Defendants, as set forth herein.

**D.     A Third Complaint-Summons Is Subsequently Mailed to Plaintiff**

44.     Plaintiff received a third complaint-summons in the ordinary U.S. mail at his home

on or about May 4, 2018 from the Holmdel Police Department, alleging that he also violated a

Disorderly Persons Offense in addition to the two non-criminal municipal ordinance summonses

issued to Plaintiff on May 1, 2018.

45.     The referenced third complaint-summons was sent to Plaintiff in a Holmdel Police

Department envelope that was postmarked May 2, 2018.

**E.     The Non-Criminal Disposition of Plaintiff's Municipal Matter**

46.     On October 24, 2018, Plaintiff pled guilty to a single non-criminal Municipal

Ordinance, and all remaining allegations against him were dismissed.

47.     Plaintiff was ordered to pay a $500 fine for his acknowledged violations of a single

non-criminal municipal ordinance on May 1, 2018 in the midst of a substantiated medical

emergency.

**F.     The Injuries Sustained By Plaintiff**

48.     As a direct and proximate result of the unlawful taking and subsequent unlawful

dissemination of the subject Booking Photograph, Plaintiff has been the subject of reckless,

inaccurate, and sophomoric news stories, each containing the Mug Shot.

49.     The Mug Shot gave traction to inaccurate media accounts.

50.     Plaintiff was forced to step down from his position as the Superintendent of the

Kenilworth Public Schools, ending his twenty-year career in public education, even before a

disposition of the charges he faced, due to the negative media attention his case received as a direct

consequence of the unlawful conduct outlined herein.

Active\93243924

51.    The Mug Shot, in particular, was cited by Kenilworth Board of Education officials as a basis for parting ways with Plaintiff.

52.    The loss of income and other personal and professional harm that has befallen Plaintiff has been enormous and irrecoverable.

53.    The actions of Defendants, in direct violation and in total disregard for applicable New Jersey law, directly and proximately caused Plaintiff's harm.

**COUNT ONE**
**(Violation 42 U.S.C. §1983 Against Defendants Patrolman Martin, Chief Mioduszewski, L.E.O. John/ Jane Does 1-10, Non-L.E.O. John/ Jane Does 1-10)**

54.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

55.    42 U.S.C. §1983 provides, in relevant part, that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress […]

56.    Plaintiff is a citizen of the United States.

57.    Defendants Patrolman Martin, Chief Mioduszewski, L.E.O. John/Jane Does 1-10, Non-L.E.O. John/ Jane Does 1-10 are persons, as that term is used in 42 U.S.C. §1983.

58.    Defendants Patrolman Martin, Chief Mioduszewski, L.E.O. John/Jane Does 1-10, Non-L.E.O. John/ Jane Does 1-10 at all times relevant thereto, were acting under the color of New Jersey State law in their capacity as employees, agents, officers, or representatives of Holmdel, and their acts or omissions were conducted within the scope of their official duties or employment.

11

59.     At the time of the events described herein, Plaintiff had a clearly established Constitutional right under the Fourth Amendment of the United States Constitution to be secure in his person from unreasonable seizure.

60.     At the time of the events described herein, Plaintiff had a clearly established Constitutional right under the Fifth Amendment to the United States Constitution not to be deprived of life, liberty, or property, without due process of law.

61.     At the time of the events described herein, Plaintiff also had a clearly established Constitutional right under the Sixth Amendment to the United States Constitution to enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed.

62.     At the time of the events described herein, Plaintiff had a clearly established right pursuant to <u>N.J.S.A</u>. 53:1-15 and New Jersey case law not to have his Booking Photograph taken for alleged violations of non-criminal Holmdel Municipal Ordinances.

63.     At the time of the events described herein, Plaintiff had a clearly established right pursuant to New Jersey Executive Order No. 69 (May 15, 1997) not to have his unlawfully taken Booking Photograph disseminated and distributed into the public domain.

64.     Any reasonable police officer knew or should have known of these rights at the time of the complained conduct, as they were clearly established at that time and have been established law for many years.

65.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/ Jane Does 1-10, L.E.O. John/ Jane Does 1-10's actions, described herein, were objectively unreasonable and palpably unlawful in light of the facts and circumstances confronting them and, in so doing, violated Plaintiff's rights.

12

66.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, L.E.O. John/ Jane Does 1-10's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

67.     The extreme indifference to Plaintiff by Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, L.E.O. John/ Jane Does 1-10 shocked the conscience and violated Plaintiff's rights.

68.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, L.E.O. John/ Jane Does 1-10 unlawfully, unreasonably, and shockingly took and disseminated Plaintiff's Mug Shot, thereby depriving Plaintiff of his freedom, liberty, property, and impartial process.

69.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, L.E.O. John/ Jane Does 1-10 engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected Constitutional rights.

70.     Defendants Patrolman Martin, Chief Mioduszewski,  Non-L.E.O. John/Jane Does 1-10, L.E.O. John/Jane Does 1-10 engaged in the conduct described herein with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe injuries.

71.     The acts or omissions of Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10 were the central moving forces behind Plaintiff's injuries.

72.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10 acted in concert and joint action with each other.

13

73.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10 are not entitled to absolute immunity for the complained of conduct.

74.     Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10 are not entitled to qualified immunity for the complained of conduct.

75.     As a direct and proximate result of the Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10's unlawful conduct, Plaintiff has suffered physical and emotional injuries, and other significant pecuniary damages and losses, entitling him to compensatory and special damages, in amounts to be determined at trial.

76.     As a further result of the Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/ Jane Does 1-10, and L.E.O. John/Jane Does 1-10's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages related expenses, in amounts to be determined at trial.

77.     Plaintiff has suffered and will suffer lost future earnings, lost compensation benefits, a lost retirement pension and income from the injuries suffered.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants Patrolman Martin, Chief Mioduszewski, Non-L.E.O. John/Jane Does 1-10, and L.E.O. John/Jane Does 1-10 , and that the Court provide the following relief:

        a) Compensatory damages, incidental damages and consequential damages;

        b) Punitive damages;

        c) Costs, interest and attorneys' fees;

d)  Pre and post judgment interest; and

e)  Such other relief as the Court deems just and equitable.

## COUNT TWO
**(Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourth, Fifth and Sixth Amendments Against Defendants Holmdel, ABC Entities 1-5, and Body Politics 1-5, (*Monell* Liability))**

78.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

79.     42 U.S.C. §1983 provides, in relevant part, that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress […]

80.     Plaintiff is a citizen of the United States.

81.     Defendants Holmdel, ABC Entities 1-5, and Body Politics 1-5 (collectively, the "Municipal Defendants") are liable under 42 U.S.C. §1983 pursuant to *Monell v. Department of Social Serv.,* as a municipal government.

82.     A deprivation of a federal right occurred as a result of a policy of the local government's legislative body and/or of local officials whose acts may fairly be said to be those of the municipality.

83.     Municipal employees were acting pursuant to a municipal "policy."

84.     The Municipal Defendants were, at all time relevant hereto, acting under the color of New Jersey State law.

15

85.     Plaintiff had clearly established rights at the time of the conduct pursuant to the Fourth, Fifth and Sixth Amendments, as well as New Jersey statutory law, case law, and a New Jersey Executive Order, as set forth above.

86.     The Municipal Defendants knew or should have known of these rights at the time of the conduct set forth herein, as those rights were clearly established at that time.

87.     The acts or omissions of the Municipal Defendants, as described herein, intentionally deprived Plaintiff of his Constitutional and statutory rights, and caused him other damages.

88.     The Municipal Defendants are not entitled to absolute immunity for the complained of conduct.

89.     The Municipal Defendants are not entitled to qualified immunity for the complained of conduct.

90.     The Municipal Defendants were, at all times relevant to this complaint, policymakers for the Holmdel Township and, in that capacity, established policies, procedures, customs, and/or practices for same.

91.     The Municipal Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the Constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's Constitutional and federal rights, as set forth herein.

92.     The Municipal Defendants created and tolerated an atmosphere of lawlessness and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers

16

in a manner amounting to deliberate indifference to the Constitutional rights of Plaintiff and of the public.

93.     In light of the duties and responsibilities of those police officers that participate in arrests and public safety monitoring, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of Constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

94.     The deliberately indifferent training and supervision provided by the Municipal Defendants resulted from a conscious or deliberate choice to follow a course of action from various alternatives available to the Municipal Defendants, and were significant moving forces in the injuries complained of by Plaintiff.

95.     As a direct and proximate result of the Municipal Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses, entitling him to compensatory and special damages, in amounts to be determined at trial.

96.     As a further result of the Municipal Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages related expenses, in amounts to be determined at trial.

97.     Plaintiff has and will suffer lost future earnings, lost compensation benefits, a lost retirement pension and income from the injuries suffered.

98.     Additionally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress the Defendants' above-described, ongoing and deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein.

17

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants, and that the Court provide the following relief:

a)  Compensatory damages, incidental damages and consequential damages

b)  Punitive damages;

c)  Costs, interest and attorneys' fees

d)  Pre and post judgment interest; and

e)  Such other relief as the Court deems just and equitable.

### COUNT THREE
### (Negligent Infliction of Emotional Distress Against All Defendants)

99.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

100.    Each of the Defendants' conduct in connection with the events on or about May 1, 2018, and the infliction of Plaintiff's injuries, as set forth herein, was recklessly or negligently inflicted.

101.    Each Defendant's conduct was so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency, should be regarded as atrocious, and is utterly intolerable in a civilized community.

102.    Each of the Defendants acted so recklessly, in deliberate disregard of the high degree of probability that their actions would cause Plaintiff emotional distress.

103.    Each Defendant acted recklessly in clear violation of New Jersey law, including but not limited to, violating New Jersey Executive Order No. 69 (May 15, 1997), N.J.S.A. § 53:1-15, New Jersey Court Rule 3:4-1, and New Jersey case law.

104.    Each Defendant's actions proximately caused Plaintiff's emotional distress.

18

105.   The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

106.   Plaintiff has incurred medically related expenses and may continue to incur further medical expenses related to his injuries.

107.   Plaintiff has and will suffer lost future earnings, lost compensation benefits, a lost retirement pension, and income from the injuries suffered.

**WHEREFORE,** Plaintiff demands judgment in his favor and against all Defendants, and that the Court provide the following relief:

      a) Compensatory damages, incidental damages and consequential damages

      b) Punitive damages;

      c) Costs, interest and attorneys' fees

      d) Pre and post judgment interest; and

      e) Such other relief as the Court deems just and equitable.

### COUNT FOUR
**(Intentional Infliction of Emotional Distress Against All Defendants)**

108.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

109.   Each Defendant's conduct in connection with the events on or about May 1, 2018, and the imposition of Plaintiff's injuries, as set forth herein, was intentional and outrageous.

110.   Each Defendant intended to perform the acts set forth in this Complaint and specifically intended to cause Plaintiff harm.

111.   Additionally, each Defendant acted so recklessly, in deliberate disregard of the high degree of probability that their actions would cause Plaintiff emotional distress.

19

112.    Each Defendant intentionally acted in clear violation of New Jersey law, including but not limited to, violating New Jersey Executive Order No. 69 (May 15, 1997), <u>N.J.S.A</u>. § 53:1-15, <u>New Jersey Court Rule</u> 3:4-1, and New Jersey case law holding that Booking Photographs should not be taken for the types of non-criminal municipal ordinances that Plaintiff was issued summonses on May 1, 2018.

113.    As a direct and proximate cause of each Defendant's intentional act, Plaintiff suffered damages.

114.    The damages suffered by Plaintiff as a result of the Defendants' intentional acts are so outrageous in character, and so extreme in degree, that they go beyond all possible bounds of decency, and are regarded as atrocious, and utterly intolerable in a civilized community.

115.    The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

116.    Plaintiff has and will suffer lost future earnings, lost compensation benefits, a lost retirement pension and income from the injuries suffered.

**WHEREFORE,** Plaintiff demands judgment in his favor and against all Defendants, and that the Court provide the following relief:

a)  Compensatory damages, incidental damages and consequential damages

b)  Punitive damages;

c)  Costs, interest and attorneys' fees

d)  Pre and post judgment interest; and

e)  Such other relief as the Court deems just and equitable.

20

## COUNT FIVE

**(Negligent Hiring, Retention, Training and Supervision Against Defendants Chief Mioduszewski, Holmdel Township, L.E.O. John/Jane Does 1-10, Non-L.E.O. individual John/Jane Does 1-10, ABC Entities 1-5 and Body Politics 1-5)**

117.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

118.    The Defendants Chief Mioduszewski, Holmdel Township, L.E.O. John/Jane Does 1-10, Non-L.E.O. Individual John/Jane Does 1-10, ABC Entities 1-5, and Body Politics 1-5 (collectively, the "Supervisor Defendants"), had at all times relevant hereto, a duty to oversee the hiring, retention, training, and supervision of their employees.

119.    For the reasons set forth above, the Supervisor Defendants knew or had reason to know of the particular unfitness, incompetence, lack of training, and dangerous attitude of Patrolman Martin and L.E.O. John/Jane Does 1-10.

120.    For the reasons set forth above, the Supervisor Defendants could reasonably have foreseen that the aforementioned negative qualities, of Patrolman Martin and L.E.O. John/Jane Does 1-10 created a risk of harm to the public, including Plaintiff.

121.    Despite this knowledge, the Supervisor Defendants continued to employ Patrolman Martin and Defendants L.E.O. John/Jane Does 1-10 and cloak them with authority under color of law.

122.    The Supervisor Defendants' negligence in hiring and supervising Patrolman Martin and Defendants L.E.O. John/Jane Does 1-10 resulted in Plaintiff's injuries.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants, and that the Court provide the following relief:

      a)   Compensatory damages, incidental damages and consequential damages

      b)   Punitive damages;

21

c) Costs, interest and attorneys' fees

d) Pre and post judgment interest; and

e) Such other relief as the Court deems just and equitable.

**COUNT SIX**
**(Defamation against all Defendants)**

123.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

124.    Defendants made a false statement regarding Plaintiff that was injurious to his reputation.

125.    Defendants made a false statement that subjected Plaintiff to a loss of good will and confidence in which he was held by others.

126.    Defendants falsely attributed criminality to Plaintiff, by unlawfully taking and releasing Mug Shots, under circumstances in which Plaintiff was only charged with the alleged violation of non-criminal Holmdel Municipal Ordinances.

127.    As a direct and proximate result of the Defendants' actions, Plaintiff suffered, and continues to suffer injuries.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants, and that the Court provide the following relief:

a) Compensatory damages, incidental damages and consequential damages

b) Punitive damages;

c) Costs, interest and attorneys' fees

d) Pre and post judgment interest; and

e) Such other relief as the Court deems just and equitable.

22

**COUNT SEVEN**
**(False Light/Invasion of Privacy against all Defendants)**

128.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

129.   The false light in which Plaintiff was placed by Defendants through the unlawful taking and subsequent dissemination of his Booking Photograph would be highly offensive to a reasonable person.

130.   Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

131.   As a direct and proximate result of Defendants' actions, Plaintiff suffered, and continues to suffer injuries.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants, and that the Court provide the following relief:

    a)  Compensatory damages, incidental damages and consequential damages

    b)  Punitive damages;

    c)  Costs, interest and attorneys' fees

    d)  Pre and post judgment interest; and

    e) Such other relief as the Court deems just and equitable.

**COUNT EIGHT**
**(Intrusion of Seclusion against all Defendants)**

132.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

133.   Defendants intentionally intruded upon the solitude or seclusion of Plaintiff by unlawfully taking and disseminating the Booking Photograph.

134.   Defendants' intrusion would be highly offensive to a reasonable person.

23

135.    As a direct and proximate result of Defendants' actions, Plaintiff suffered, and continues to suffer injuries.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the Defendants, and that the Court provide the following relief:

    a)  Compensatory damages, incidental damages and consequential damages

    b)  Punitive damages;

    c)  Costs, interest and attorneys' fees

    d)  Pre and post judgment interest; and

    e)  Such other relief as the Court deems just and equitable.


                                              **FOX ROTHSCHILD LLP**
                                              *Attorneys for Plaintiff*

Dated:  April 30, 2019                            By: /s/ Matthew S. Adams
                                              Matthew S. Adams
                                              Marissa Koblitz Kingman
                                              49 Market Street
                                              Morristown, New Jersey 07960
                                              Tel:  973-992-4800
                                              Fax:  973-992-9125

24

# **EXHIBIT A**

Active\93243924

Exhibit B

# NOTICE OF TORT CLAIM

**CLAIMANT INFORMATION**

Name: __Dr. Thomas Tramaglini, Ed. D.__    Telephone: **REDACTED**

Address: __**REDACTED**__    Date of Birth: __1/21/1976__

SSN: __REDACTED_

**ATTORNEY INFORMATION (if applicable)**

Name: __Matthew S. Adams, Esq.__    Telephone: __973-994-7573__

Address   __49 Market Street__    TeleFAX: __973-992-9125__

__Morristown New Jersey 07960__    File No.: _____

Send Notices to: _____ Claimant    __X__ Attorney

**GENERAL INSTRUCTIONS:** Pursuant to the provisions of the New Jersey Tort Claims Act, this Notice of Tort Claim form has been adopted as the official form for the filing of claims against this Municipality.

The questions are to be answered to the extent of all information available to the Claimant or to his or her attorneys, agents, servants, and employees, under oath. The fully completed Claim Form and the documents requested shall be returned to the Municipality and to:

> **Ms. Karen Berenato**
> **Qual-Lynx**
> **100 Decadon Drive**
> **Egg Harbor Township, NJ 08234**

**NOTE CAREFULLY:**   Your claim will not be considered filed as required by the New Jersey Tort Claims Act until this completed form has been filed with the Municipality. Failure to provide the information requested, including such responses as "To Be Provided" or "Under Investigation" will result in the claim being treated as not being properly filed.

Timely Notices of Claim must be filed within 90 days after the incident giving rise to the claim.

This form is designed as a general form for use with respect to all claims. Some of the questions may not be applicable to your particular claim. For example, if your claim does not arise out of an automobile accident, questions regarding road conditions might not be applicable. In that event, please indicate "Not Applicable".

1

If you are unable to answer any question because of a lack of information available to you, specify the reason the information is not available to you. If a question asks that you identify a document, it will be sufficient to furnish true and legible copies. Where a question asks that you "identify all persons," provide the name, address and telephone number of the person.

If you need more space to provide a full answer, attach supplementary pages, identifying the continuation of the answer with the number of the applicable question.

### DEFINITIONS:

"*Claimant*" shall refer to the person or persons on whose behalf the Notice of Claim has been filed with the *(Name of Township)*.

"*Documents*" shall refer to any written, photographic or electronic representation, and any copy thereof, including, but not limited to, computer tapes and/or disks, videotapes and other material relating to the subject matter of the claim.

"*Person*" shall include in its meaning a partnership, joint venture, corporation, association, trust or any other kind of entity, as well as a natural person.

"*Public Entity*" shall refer to the *(Name of Township)* along with any agent, official or employee of the *(Name of Township)* against whom a claim is asserted by the Claimant.

**NOTE that the questions are divided into sections relating to the claimant, the claim, property damage, personal injury and the basis for the claim against the public entity or a public employee.**

**If the claim involves only property damage, then the portion on personal injuries need not be answered. Just enter as the answer to Question 17 "No personal injuries claimed."**

**If the claim involves no property damage, then the portion on property damage need not be answered. Just enter as the answer to Question 16 "No property damage claimed."**

2

## INFORMATION ON THE CLAIMANT

1.  Provide the following information with respect to the Claimant:

   a.  Any other name by which the Claimant has been known.

      N/A

   b.  Address at the time of the incident giving rise to the claim.

# REDACTED

   c.  Marital Status [at the time of the incident and current]

      Single

   d.  Identify each person residing with the claimant and the relation, if any, of the person to the Claimant.

      N/A

2.  Provide all addresses of the Claimant for the last 10 years, the dates of the residence, the persons residing at the addresses at the same time as the

   Claimant resided at the address and the relation, if any, of the person to the Claimant.

# REDACTED

# REDACTED

3

# INFORMATION ON ALL CLAIMS

3.   Provide the exact date, time and place of the incident forming the basis of the claim and the weather conditions prevailing at the time.

On May 1, 2018, inside the Holmdel Township Police Department, Dr. Tramaglini was unlawfully photographed and thereafter the photograph was publicly disseminated.

4.   Provide the Claimant's complete version of the events that form the basis of the claim.

On May 1, 2018, officers and or agents of the Holmdel Township Police Department unlawfully took Dr. Tramaglini's photograph and distributed and disseminated the "mug shot" to third parties, including the media, with the intent to harm Dr. Tramaglini. The Holmdel Township Police Department was not authorized to photograph Dr. Tramaglini by operation of New Jersey law. See: N.J.S.A. 53:1-15; State v. Conners, 129 N.J. Super. 476, 481 (App. Div. 1974); State v. Kenison, 248 N.J. Super. 189, 209 (Law. Div. 1990), aff'd sub nom. State v. Kenison, 248 N.J. Super. 126 (App. Div. 1991); & Oberg v. Dep't of Law & Public Safety, 41 N.J. Super 256, (J. & D.R.Ct. 1956).

5.   List any and all individuals who were witnesses to or who have knowledge of the facts of the incident which gave rise to the claim. Provide the full name and address of each individual.

The exact Holmdel Township Police Department officers and support staff working on or about May 1, 2018 are currently unknown, but include Patrolman Jonathan C. Martin. Dr. Tramaglini reserves his rights with respect to other individuals to be identified in the future.

6.   Identify all public entities or public employees [by name and position] alleged to have caused the injury or property damage **and specify as to each public entity or employee the exact nature of the act or omission alleged to have caused the injury or property damage.**

Holmdel Township Police Department, 4 Crawfords Corner Road, Holmdel, New Jersey, 07733.

Holmdel Township Patrolman Jonathan C. Martin.

Dr. Tramaglini reserves his rights with respect to other individuals to be identified in the future.

7.   If you claim that the injury or property damage was caused by a dangerous condition of property under the control of the public entity, specify the nature of the alleged dangerous condition and the manner in which you claim the condition caused the injury.

N/A

8.   If you allege a dangerous condition of public property, state the specific basis on which you claim that the public entity was responsible for the condition and the specific basis and date on which you claim that the public entity was given notice of the alleged dangerous condition. Statements such as "should have known" and "common knowledge" are insufficient.

N/A

5

9,    If you or any other party or witness consumed any alcoholic beverages, drugs or medications within twelve (12) hours before the incident forming the basis of the Claim, identify the person consuming the same and for each person (a) what was consumed (b) the quantity thereof (c) where consumed (d) the names and addresses of all persons present.

N/A

10.   If you have received any money or thing of value for your injuries or damages from any person, firm or corporation, state the amounts received, the dates, names and addresses of the payors.  Specifically list any policies of insurance, including policy number and claim number, from which benefits have been paid to you or to any person on your behalf, including doctors, hospitals or any person repairing damage to property.

None at this time.

6

11.  If any photographs, sketches, charts or maps were made with respect to anything which is the subject matter of the claim, state the date thereof, the names and addresses of the persons making the same and of the persons who have present possession thereof. Attach copies of any photographs, sketches, charts or maps.

> See attached Exhibit A, Holmdel Township Police Department Arrest Report containing the unlawfully captured mug shot.

12.  If you or any of the parties to this action or any of the witnesses made any statements or admissions, set forth what was said; by whom said; date and place where said; and in whose presence, giving names and addresses of any persons having knowledge thereof

> See Response to Question 11, above.  This official document from the Holmdel Township Police Department represents an admission to the act of unlawfully photographing Dr. Tramaglini.

13.  State the total amount of your claim and the basis on which you calculate the amount claimed.

> The amount claimed is estimated to be in excess of $1 million, which includes, but is not limited to, the reasonable financial loss of income, harm to reputation, emotional distress, invasion of privacy, and intrusion on seclusion.

14.  Provide copies of all documents, memoranda, correspondence, reports [including police reports], etc. which discuss, mention or pertain to the subject matter of this claim.

> See attached Exhibits A-B.

7

15. Provide the names and addresses of all persons or entities against whom claims have been made for injuries or damages arising out of the incident forming the basis of this claim and give the basis for the claim against each.

None at this time.

8

# PROPERTY DAMAGE CLAIMS

16. If your claim is for property damage, attach a description of the property damage and an estimate of the costs of repair. If your claim does not involve any claim for property damage, enter "None".

Unknown at this time.

| If your claim is for property damage only, initial here and proceed directly to page 15 and sign the Certification. |
| --- |

_____
Initials

9

# PERSONAL INJURY CLAIMS

17.     Was any complaint made to the public entity or to any official or employee of the public
        entity.  State the time and place of the complaint and the person or persons to whom the
        complaint was made.

        The Holmdel Township Municipal Prosecutor was advised of the unlawfully taken mug shot,
        as were certain members of the Holmdel Township Police Department.

18.     Describe in detail the nature, extent and duration of any and all injuries.

        The injury began on May 1, 2018, and continues to date. Claimant has been injured in
        numerous ways, including, but is not limited to, the reasonable financial loss of income,
        harm to reputation, emotional distress, invasion of privacy, and intrusion on seclusion.

19.     Describe in detail any injury or condition claimed to be permanent.

                            See Response to Question 18.

20.       If confined to any hospitals, state name and address of each and the dates of admission and discharge.  Include all hospital admissions prior to and subsequent to the alleged injury and give the reason for each admission.

N/A

21.       If x-rays were taken, state (a) the address of the place where each was taken (b) the name and address of the person who took them (c) the date when each was taken (d) what each disclosed (e) where and in whose possession they now are.  Include all x-rays, whether prior to or subsequent to the alleged injury forming the basis of the claim.

N/A

22.       If treated by doctors, including psychiatrists or psychologists, state (a) the name and present address of each doctor (b) the dates and places where treatments were received (c) the nature of the treatment (d) the date of last treatment or, if treatments are continuing, the schedule of continuing treatments.  Provide true copies of all written reports rendered to you or about you by any doctors whom you propose to have testify on your behalf.

After the execution of a confidentiality stipulation and order, details surrounding
medical treatment, as relevant or appropriate, will be provided at a future date.

23.  If you have any physical impairment which you allege is caused by the injury forming the basis of your claim and which is affecting your ordinary movements, hearing or sight, state in detail the nature and extent of the impairment and what corrective appliances, support or device you use to overcome or alleviate the impairment.

See Response to Question 18.

24.  If you claim that a previous injury has been aggravated or exacerbated, describe the injury and give the name and present address of each doctor who treated you for the condition, the period during which treatment was received and the cause of the previous injury.  Specifically list any impairment, including use of eyeglasses, hearing aid or similar device, which existed at the time of the injury forming the basis of the claim.

See Response to Question 18.

12

25.   If any treatments, operation or other form of surgery in the future has been recommended to
      alleviate any injury or condition resulting from the incident which  forms the basis of the claim,
      state in detail (a) the nature and extent of the treatment, operation or surgery (b) the purpose
      thereof and the results anticipated or expected (c) the name and address of the doctor who
      recommended the treatments, operation        or surgery (d) the name and address of the doctor
      who will administer or perform the same (e) the estimated medical expenses to be incurred (f)
      the estimated length of time of treatments, operation or surgery, period of hospitalization and
      period of        convalescence (g) all other losses or expenditures anticipated as a result of the
      treatments, operation or surgery (h) whether it is your intention to undergo the treatments,
      operation or surgery and the approximate date.

> None at this time.  Dr. Tramaglini reserves the right to supplement this response as necessary or
> appropriate in the future.

26.   Itemize any and all expenses incurred for hospitals, doctors, nurses, x-rays,
      medicines, care and appliances and indicate which expenses were paid by any
      coverage.

> To be determined.

13

27. If employed at the time of the alleged injury forming the basis of the claim state (a) the name and address of the employer (b) position held and the nature of the work performed (c) average weekly wages for the year prior to the injury (d) period of time lost from employment, giving dates (e) amount of wages lost, if any.  List any sources of income continuation or replacement, including, but not limited to, worker's compensation, disability income, social security and income continuation insurance.

Dr. Tramaglini worked as the Superintendent of Schools for the Kenilworth Board of Education. Dr. Tramaglini earned approximately $147,500 per year, and was eligible to earn a bonus. The complete impact of the unlawfully taken photograph is unknown at this time. The address for Dr. Tramaglini's employer was:

Kenilworth Board of Education
426 Boulevard
Kenilworth, New Jersey 07033

Dr. Tramaglini also worked as a part time lecturer for the Department of Educational Theory, Policy and Administration, Graduate School of Education, Rutgers, The State University of New Jersey. Dr. Tramaglini earned approximately $5,658 per semester. The complete impact of the unlawfully taken photograph is unknown at this time. The address for Dr. Tramaglini's employer was:

Rutgers, The State University of New Jersey
10 Seminary Place
New Brunswick, New Jersey 08901

28. If other loss of income, profit or earnings is claimed, state (a) total amount of the loss (b) give a complete detailed computation of the loss (c) the nature and dates of loss.

To be determined.

14

29.  If you are claiming lost wages state (a) the date that the employment began (b) the name and address of the employer (c) the position held and the nature of the work  performed (d) the average weekly wages.  Attach copies of pay stubs or other complete payroll record for all wages received during the past year.

Dr. Tramaglini has been employed as the Superintendent of Schools for the Kenilworth Board of Education from February  2016 to September 2018. Dr. Tramaglini was employed by the Department of Educational Theory, Policy and Administration, Graduate School of Education, Rutgers, The State University of New Jersey from September 2008 to December 2017.   See also Response to Question 27.

**DOCUMENT REQUEST:**   Produce all documents identified in your answers to the above questions.

# CERTIFICATION

I hereby certify that the information provided is the truth and is the full and complete response to the questions, to the best of my knowledge.

_____        Dated: __7/14/2018__
Signature of Claimant

15

# EXHIBIT A



**Holmdel Township Police Department**
**Arrest Report**

Page: 1
05/04/2018

**Arrest #: 18-8978-AR**
**Call #: 18-8978**



Date/Time Reported: 05/01/2018 @ 0550
Arrest Date/Time: 05/01/2018 @ 0550
Booking Date/Time: 05/01/2018 @ 0550

Court: Holmdel Municipal Court
Court Date: 05/07/2018 @ 0900
Reporting Officer: Patrolman Jonathan Martin
Booking Officer: Patrolman Jonathan Martin
Approving Officer: Sergeant Theodore Sigismondi

Signature: _____

Signature: _____

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | TRAMAGLINI, THOMAS | M | W | 42 | | |

# REDACTED

Military Active Duty: N
HEIGHT: 601          WEIGHT: 140          HAIR: BROWN     EYES: BROWN
BODY: NOT AVAIL.                   COMPLEXION: NOT AVAIL.
DOB:                          PLACE OF BIRTH: NORTH TERRYTOWN, NY
LICENSE NUMBER:                   ETHNICITY: NOT HISPANIC

_____[CONTACT INFORMATION]_____

Home Phone          (Primary)   **REDACTED**

_____[APPEARANCE]_____

GENERAL APPEARANCE: ORDERLY

GLASSES WORN: NO

TATTOOS: TAT ARM(CHINESE WRITING)

_____[FAMILY/EMPLOYMENT INFORMATION]_____

MARITAL STATUS: SINGLE

EMPLOYER/SCHOOL: KENILWORTH SCHOOL DISTRICT
KENILWORTH NJ 07033

OCCUPATION: superintendent

**Holmdel Township Police Department**
**Arrest Report**

Page: 2
05/04/2018

Arrest #: 18-8978-AR
Call #: 18-8978

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|

[RIGHTS/BOOKING CHECKS]

RIGHTS ADVISED BY: Patrolman Jonathan C Martin          DATE/TIME:  05/01/2018 @ 0625
PHONE USED: N
ARRESTEE SECURED: N

FINGERPRINTED: N
PHOTOGRAPHED: Y
SUICIDE CHECK: Performed
PERSONS: State&Federal
NCIC VEHICLE CHECK: Not Performed
INJURY OR ILLNESS: N

| # | OFFENSE(S) | | ATTEMPTED | TYPE |
|---|---|---|---|---|

LOCATION TYPE:  School/College/University     Zone: GOLDSMITH DEVELOPMENT
HOLMDEL HIGH SCHOOL
36 CRAWFORDS CORNER RD
HOLMDEL NJ 07733

1  PUBLIC URINATION/DEFECATION                          N              Ordinance
                    3          21.24
         OCCURRED: 05/01/2018    0550
   SUSPECTED OF USING: Not Applicable

2  LITTERING                                            N              Ordinance
                    3          10
         OCCURRED: 05/01/2018    0550
   SUSPECTED OF USING: Not Applicable

3  LEWDNESS                                             N              Non Indictable
                    2C:14    4
         OCCURRED: 05/01/2018    0550
   SUSPECTED OF USING: Not Applicable

| # | PERSON(S) | PERSON TYPE | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|---|

1  FALLON, SHANE              REPORTING PARTY   M   W   00   NOT AVAIL
   CRAWFORDS CORNER RD
   HOLMDEL NJ 07733
   DOB: NOT AVAIL

   EMPLOYER: HOLMDEL TWP SCHOOLS A.D.
   CONTACT INFORMATION:
   Home Phone       (Primary)   REDACTED

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|---|---|---|

1  SURVEILLANCE DVD LABELED 18-8978       18-201-PR       (Not NIBRS Reportable)
   QUANTITY: 2              VALUE: $0.00
   SERIAL #: NOT AVAIL
      DATE: 05/04/2018
      OWNER: TRAMAGLINI, THOMAS

**EXHIBIT B**

| COURT I.D. PREFIX | COMPLAINT NUMBER | Municipal Court Of Holmdel |
|---|---|---|
| 1318 | 014654 | 4 Crawfords Corner Road<br>Holmdel, New Jersey 07733 |

**The State of New Jersey**
**vs.**

**Defendant's Name:** First **Thomas** Initial **W.** Last **Tramaglini**

**Address** REDACTED

**State** NJ **Zip Code** REDACTED **Telephone** REDACTED

**Birth Date** Mo. 01 Day 21 Yr. 76 Sex M Eyes ... Height 6'01 Restrictions

**Driver's License** REDACTED

STATE OF NEW JERSEY
COUNTY OF **MONMOUTH** }SS:

Complaining Witness: **H. J. Martin** (Name)

of **Holmdel Twp** **81** (Identify Dept./Agency Represented) (Badge No.)

Residing at **4 Crawfords Corner Road**

by certification or an oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the **5** Month **18** Day **5:45A** Time

in **HOLMDEL 1318** County of **MONMOUTH** N.J. did commit the following offense:

**Public Defecation** ...

in violation of (one charge only) **3 d 6.34** (Statute, Regulation or Ordinance Number)

| LOCATION OF OFFENSE | C | O | D | E | Describe Location **Holmdel High School** |
|---|---|---|---|---|---|

OATH: Subscribed and sworn to before me this ___ day of ___, yr. ___

(Signature of Complaining Witness)

(Signature of Person Administering Oath)

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

OR **5.1.18** (Date)

(Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**

COURT USE ONLY | LAW/CODE ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.

Yes ☐ No ☐ (Signature of Judicial Officer)

Yes ☐ No ☐ (Signature of Judge)

☒ The complaining witness is a law enforcement officer or a code enforcement officer with territorial and subject matter jurisdiction and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| ☒ COURT APPEARANCE REQUIRED | COURT DATE | Month 5 | Day 18 | Year | Time 9:14 AM ☐ PM |
|---|---|---|---|---|---|

**5.1.18** (Date Summons Issued) (Signature of Person Issuing Summons)

**COMPLAINT-SUMMONS** SF (September, 2009)

---

| COURT I.D. PREFIX | COMPLAINT NUMBER | Municipal Court Of Holmdel |
|---|---|---|
| 1318 | 014655 | 4 Crawfords Corner Road<br>Holmdel, New Jersey 07733 |

**The State of New Jersey**
**vs.**

**Defendant's Name:** First **Thomas** Initial **W.** Last **Tramaglini**

**Address** REDACTED

**State** NJ **Zip Code** REDACTED **Telephone** REDACTED

**Birth Date** Mo. 01 Day 21 Yr. 76 Sex M Eyes ... Height 6'01 Restrictions

**Driver's License** REDACTED

STATE OF NEW JERSEY
COUNTY OF **MONMOUTH** }SS:

Complaining Witness: **H. J. Martin** (Name)

of **Holmdel Twp** **81** (Identify Dept./Agency Represented) (Badge No.)

Residing at **4 Crawfords Corner Road**

by certification or an oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the **5** Month **18** Day **5:45A** Time

in **HOLMDEL 1318** County of **MONMOUTH** N.J. did commit the following offense:

**... DESCRIPTION OF OFFENSE**

in violation of (one charge only) **3 10.3** (Statute, Regulation or Ordinance Number)

| LOCATION OF OFFENSE | C | O | D | E | Describe Location **Holmdel High School** |
|---|---|---|---|---|---|

OATH: Subscribed and sworn to before me this ___ day of ___, yr. ___

(Signature of Complaining Witness)

(Signature of Person Administering Oath)

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

OR **5.1.18** (Date)

(Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**

COURT USE ONLY | LAW/CODE ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.

Yes ☐ No ☐ (Signature of Judicial Officer)

Yes ☐ No ☐ (Signature of Judge)

☒ The complaining witness is a law enforcement officer or a code enforcement officer with territorial and subject matter jurisdiction and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| ☒ COURT APPEARANCE REQUIRED | COURT DATE | Month | Day 18 | Year | Time AM ☐ PM |
|---|---|---|---|---|---|

**5.1.18** (Date Summons Issued) (Signature of Person Issuing Summons)

**COMPLAINT-SUMMONS** SF (September, 2009)

| COURT I.D. PREFIX | COMPLAINT NUMBER | Municipal Court Of Holmdel |
|---|---|---|
| 1318 | 014656 | 4 Crawfords Corner Road<br>Holmdel, New Jersey 07733 |

## The State of New Jersey
### vs.

**Defendant's Name:** First _Thomas_   Initial   Last _Tramaglini_

**Address:** REDACTED   City

**State** NJ   **Zin Code** REDACTED   **Telephone** REDACTED

**Birth Date** Mo. 81   Day 21   Yr. 76   Sex M   Eyes BRO   Height 6'01   Restrictions

**Driver's License:** REDACTED

2 _____   State NJ   Exp. Date 6/21

STATE OF NEW JERSEY }ss:
COUNTY OF _____ MONMOUTH

Complaining Witness: PH. J Martin (Name)

of Holmdel Twp (Identify Dept/Agency Represented)   81 (Badge No.)

Residing at 4 Crawfords Corner Road

by certification or on oath, says that to the best of his/her knowledge or information and belief

the named defendant on or about the 5   1   2018   5:45 A
Month   Day   Year   Time

In HOLMDEL 1318   County of MONMOUTH   N.J.
did commit the following offense:

**COMPLAINT**

Lewdness(TION OF OFFENSE)

In violation of (one charge only) 2C:14-4
(Statute, Regulation or Ordinance Number)

| LOCATION OF OFFENSE | C | O | D | E | Describe Location Holmdel High School |

OATH: Subscribed and sworn to before me
this _____ day of _____, yr. _____

CERTIFICATION: I certify that the fore-
going statements made by me are true. I
am aware that if any of the foregoing
statements made by me are willfully false,
I am subject to punishment.

5/1/18 (Date)

_____ (Signature of Complaining Witness)

_____ (Signature of Person Administering Oath)

_____ (Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:

| COURT USE ONLY | LAW/CODE ENFORCEMENT USE ONLY |
|---|---|
| Probable cause is found for the issuance of this Complaint-Summons.<br><br>☐ Yes<br>☐ No<br>_____ (Signature of Judicial Officer)<br><br>☐ Yes<br>☐ No<br>_____ (Signature of Judge) | ☒ The complaining witness is a law enforcement officer or a code enforcement officer with territorial and subject matter jurisdiction and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons. |

### YOU ARE HEREBY SUMMONED TO APPEAR

BEFORE THIS COURT TO ANSWER THIS COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

### NOTICE TO APPEAR

| ☒ COURT APPEARANCE REQUIRED | COURT DATE | Month 5 | Day 7 | Yr. 18 | Time 0 | AM/PM |

5/1/18 (Date Summons Issued)   _____ (Signature of Person Issuing Summons)

COMPLAINT-SUMMONS   SF (September, 2001)

**Holmdel Township Police Department**

4 Crawfords Corner Road
Holmdel, New Jersey 07733

TRENTON
NJ 085
02 MAY '18
PM 3 1

U.S. POSTAGE >> PITNEY BOWES

ZIP 07733  $ 000.47⁰
02 1W
0001401804 MAY 02 2018

Thomas Tramaglini

REDACTED

07747-196430



*Law Offices of*
**SCHWARTZ & POSNOCK**
David A. Schwartz, Esq.
Attorney ID No. 024001983
99 Corbett Way
Suite 203
Eatontown, New Jersey 07724
(732) 544-1460
Attorneys for Defendants Township of Holmdel, Patrolman
Jonathan C. Martin, and Police Chief John Mioduszewski

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

|  |  |  |
|---|---|---|
| THOMAS W. TRAMAGLINI, | : | Civil Action No. 3:19-cv-11915 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
|  | : |  |
| PATROLMAN JONATHAN C. MARTIN, | : | **CERTIFICATION OF DAVID A.** |
| POLICE CHIEF JOHN MIODUSZEWSKI, | : | **SCHWARTZ IN SUPPORT OF MOTION** |
| HOLMDEL TOWNSHIP, LAW | : | **TO DISMISS THE COMPLAINT WITH** |
| ENFORCEMENT OFFICER JOHN/JANE | : | **PREJUDICE FOR FAILURE TO STATE A** |
| DOES 1-20, NON-LAW ENFORCEMENT | : | **CLAIM PURSUANT TO F.R.Civ.P.** |
| INDIVIDUALS JOHN/JANE DOES 1-10, | : | **12(b)(6)** |
| ABC ENTITIES 1-5, AND BODY | : |  |
| POLITICS 1-5, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

I, DAVID A. SCHWARTZ, of full age, do hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and a member of the law firm

of Schwartz & Posnock. Our firm represents defendants Township of Holmdel, Patrolman

Jonathan C. Martin, and Police Chief John Mioduszewski in the above-captioned case. I make

this certification in support of defendants' motion to dismiss the complaint for failure to state a

claim upon which relief can be granted within the meaning of F.R.Civ.P. 12(b)(6).

2.      I have personal knowledge of the facts and circumstances set forth herein below.

3.      A true and correct copy of the complaint in the matter of *Thomas W. Tramaglini v.*
*Patrolman Jonathan C. Martin, et atl.,* filed in United States District Court, the District of New
Jersey, Trenton Vicinage, Civil Action No. 3:19-cv-11915, is attached hereto as Exhibit A.

4.      A true and correct copy of the Notice of Tort Claim identified as Exhibit A to the
complaint is attached hereto as Exhibit B.

5.      A true and correct copy of transcript of docket in the matter of *State of New Jersey*
*v. Thomas W. Tramaglini*, SC-2018-014654 is attached hereto as Exhibit C.

I certify that the foregoing statements made by me are true.  I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.


                                        /s/ David A. Schwartz
                        By:             _____
                                        DAVID A. SCHWARTZ
                                        Schwartz & Posnock
                                        Attorneys for DefendantsTownship of Holmdel,
                                        Ptl. Jonathan C. Martin, and Police Chief John
                                        Mioduszewski


Dated:  June 21, 2019


2

Exhibit C

| STATE OF NEW JERSEY | EXHIBIT D |
|---|---|
| VS | MUNICIPAL COURT OF HOLMDEL |
| THOMAS W TRAMAGLINI | COUNTY OF MONMOUTH |
| DEFENDANT | STATE OF NEW JERSEY |
| | TRANSCRIPT OF DOCKET |

DOCKET:

TICKET #                                    SC 2018 014654

| NAME OF DEFENDANT | THOMAS W TRAMAGLINI |
|---|---|
| ADDRESS | 130 DUMBARTON HILL CT |
| | MATAWAN, NJ 07747 |

OFFENSE                         3-21.24: PUBLIC URINATION/DEFECATION

DATE OF OFFENSE                         5/1/2018

DATE OF PROCESS                         5/1/2018

DATE OF PROCESS SERVED                         5/1/2018

NAME OF OFFICER                         DET J MARTIN ; Badge #81

DEPARTMENT                         HOLMDEL TOWNSHIP POLICE DEPARTMENT

HOW DEFENDANT PLEADS & DATE                         NOT GUILTY 5/04/2018

ATTORNEY'S APPEARANCE                         FOX ROTHSCHILD LLP

REMARKS/WITNESSES                         N/A

TRIAL DATE                         10/24/2018

HEARD BY                         Judge Mary H. Casey

FINDING

| | | GUILTY | |
|---|---|---|---|
| | FINE | PAID IN FULL | $500 |
| | COSTS/OTHER | PAID IN FULL | $33 |

DISORDERLY PERSONS OFFENSES AND PETTY DISORDERLY PERSONS OFFENSES
ARE PETTY OFFENSES AND ARE NOT CRIMES WITHIN THE MEANING OF THE CONSTITUTION
OF THE STATE OF NEW JERSEY
PER 2C:1-4(b)                         I HEREBY CERTIFY THAT THE ABOVE IS A TRUE COPY OF
                                    THE DOCKET

| 6/13/2019 | | ASST VIOL CLERK |
|---|---|---|
| DATE | SIGNATURE | |

# Exhibit D

The Official Web Site For The State of New Jersey

Governor Chris Christie • Lt Governor Kim Guadagno

Search [                    ]  submit search

Global Navigation

## State of New Jersey
## Executive Order #69

# Governor Christine Todd Whitman

Return to EO Index

WHEREAS, Chapter 73, P.L. 1963, as amended, finds and declares it to be the public policy of this State that public records shall be readily accessible for examination by the citizens of this State for the protection of the public interest except as otherwise provided in said law; and

WHEREAS, some limitation upon the right to examine and copy records provided by Chapter 73 is essential and not detrimental to the public interest as recognized by existing statutory and common law; and

WHEREAS, disclosure of information must be consistent with existing statutory law regarding confidentiality in certain areas; and

WHEREAS, said Chapter 73 provides that records which would otherwise be deemed to be public records, subject to inspection and examination and available for copying, pursuant to the provisions of said law, may be excluded therefrom by Executive Order of the Governor or by any regulation promulgated under the authority of any Executive Order of the Governor; and

WHEREAS, Section 3(e) of Executive Order No. 9, issued by Governor Richard Hughes in 1963, and reaffirmed by Executive Order No. 123, issued by Governor Thomas H. Kean in 1983, states that fingerprint cards, plates and photographs and other similar criminal investigation records which are required to be made, maintained or kept by any State or local governmental agency shall shall not be deemed to be public records subject to inspection and examination and available for copying pursuant to the provisions of Chapter 73; and

WHEREAS, the Attorney General has undertaken a complete review of this subject area, seeking input from prosecutors, police, representatives of the news media, and victims' rights organizations, and has recommended that certain aspects of the system be clarified;

NOW, THEREFORE, I, Christine Todd Whitman, Governor of the State of New Jersey, by virtue of the authority vested in me by the Constitution and by the Statutes of this State, do hereby order and direct:

1. Executive Order No. 9 of Governor Richard J. Hughes and Executive Order No. 123 of Governor Thomas H. Kean are modified as hereinafter set forth, and any regulations adopted and promulgated under those prior Executive Orders shall be deemed null and void to the extent such regulations are inconsistent with the provisions of this Executive Order.

2. The following records shall not be deemed to be public records subject to inspection and examination and available for copying pursuant to the provisions of Chapter 73, P.L. 1963, as amended: fingerprint cards, plates and photographs and similar criminal investigation records that are required to be made, maintained or kept by any State or local governmental agency.

3. Notwithstanding the above section 2, the following information shall be available to the public within 24 hours, or sooner if practicable, of a request for such information:

(a) where a crime has been reported but no arrest yet made, information as to the type of crime, time, location and type of weapon, if any;

(b) if an arrest has been made, information as to the name, address and age of any victims, unless there has not been sufficient opportunity for notification of next of kin of any victims of injury and/or death to any such victim or where the release of the names of any victim would be contrary to existing law or court rule. In deciding on the release of information as to the identity of a victim, the safety of the victim and the victim's family, and the integrity of any ongoing investigation, shall be considered;

(c) if an arrest has been made, information as to the defendant's name, age, residence, occupation, marital status and similar background information and the identity of the complaining party, unless the release of such information is contrary to existing law or court rule;

(d) information as to the text of any charges, such as the complaint, accusation and indictment, unless sealed by the court or unless the release of such information is contrary to existing law or court rule;

(e) information as to the identity of the investigating and arresting personnel and agency and the length of the investigation;

(f) information of the circumstances immediately surrounding the arrest, including but not limited to the time and place of the arrest, resistance, if any, pursuit, possession and nature and useof weapons and ammunition by the suspect and by the police; and

(g) information as to circumstances surrounding bail, whether it was posted and amount thereof.

The term "request" shall mean either a written or oral request; provided, however, that all requests are made with sufficient clarity so as to enable a reasonable person to understand the information that is being sought. The law enforcement official responding to oral requests should make best efforts to respond orally over the telephone; however, it shall not be unreasonable to require the requester to appear in person to receive the information. Unless the parties note otherwise, it shall be understood that there is no duty to release or obtain information that is not in the possession of the law enforcement agency at the time of request.

4. Notwithstanding any other provision of this Executive Order, where it shall appear that the information requested or to be examined will jeopardize the safety of any person or jeopardize any investigation in progress or may be otherwise inappropriate to release, such information may be withheld. This section is intended to be narrowly construed to prevent disclosure of information which would be truly harmful to a bona fide law enforcement purpose or public safety if released. It is also intended to prevent such release that would violate existing law regarding confidentiality in areas including, but not limited to, domestic violence and juveniles.

5. Each county prosecutor shall prepare a plan outlining the procedures for providing and/or disseminating the information required by this Executive Order and shall submit same to the Division of Criminal Justice for its review and filing. Each prosecutor shall consult with the police departments within his or her county and to the extent possible, include within the prosecutor's plan the local procedures for responding to informational requests. The Division of State Police shall submit its plan to the Office of the Attorney General. Whenever any changes are made in any such plan, said changes shall immediately be forwarded to the appropriate county prosecutor and/or the Division of Criminal Justice or Office of the Attorney General for

review and filing. In addition, each county prosecutor's office shall designate a person(s) who is(are) responsible for responding to requests for public information by the media on nights, weekends and holidays. The name of the person(s) so designated shall be available at the communication center in each county.

6. The Attorney General, as chief law enforcement officer of the State, or his designee, or where appropriate, the county prosecutor, as chief law enforcement officer of the county, shall promptly resolve all disputes as to whether or not the release of records would be "otherwise inappropriate" between the custodian of any records referred to herein and any person seeking access thereto or similar disputes. Where the Attorney General or the county prosecutor determines that the release of records would be "otherwise inappropriate," he or she shall issue a brief statement explaining the decision.

7. The terms of the Order shall be carried out in the spirit of Chapter 73, P.L. 1963, as amended, and shall not relate to requests pursuant to Chapter 60, Section 4, of P.L. 1994. It shall be carried out by keeping in mind the right of citizens to be aware of events occurring in their community.

8. This Order shall take effect immediately.

> GIVEN under my hand and seal
> this 15th day of May in the the Year
> of Our Lord, One Thousand Nine
> Hundred and Ninety-Seven, and of
> the Independence of the United States,
> the Two Hundred and Twenty-First.
>
> /s/ Christine Todd Whitman
> Governor

Attest:

/s/ Michael P. Torpey
Chief Counsel to the Governor

Contact Us | Privacy Notice | Legal Statement & Disclaimers | Accessibility Statement 

Statewide: NJ Home | Services A to Z | Deparments/Agencies | FAQs
Copyright © State of New Jersey, 1996-2010
This site is maintained by the New Jersey Office of Information Technology

https://nj.gov/infobank/circular/eow69.shtml                    3/3