*Law Offices of*
***SCHWARTZ & POSNOCK***
David A. Schwartz, Esq.
Attorney ID No. 024001983
99 Corbett Way
Suite 203
Eatontown, New Jersey 07724
(732) 544-1460
Attorneys for Township of Holmdel, Patrolman Jonathan C. Martin and Police Chief John
Mioduszewski

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

|  |  |
|---|---|
| THOMAS W. TRAMAGLINI, | : Civil Action No. 3:19-cv-11915 |
| Plaintiff, | : |
| vs. | : |
| PATROLMAN JONATHAN C. MARTIN, POLICE CHIEF JOHN MIODUSZEWSKI, HOLMDEL TOWNSHIP, LAW ENFORCEMENT OFFICER JOHN/JANE DOES 1-20, NON-LAW ENFORCEMENT INDIVIDUALS JOHN/JANE DOES 1-10, ABS ENTITIES 1-5, AND BODY POLITICS 1-5, | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## NOTICE OF MOTION IN LIEU OF ANSWER FOR ORDER
## DISMISSING COMPLAINT
## FOR FAILURE TO STATE A CLAIM
## PURSUANT TO F.R.Civ.P. 12 (b)(6)

## TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL STANDARD

A.    Standard for Dismissal Under FR.Civ.P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT ONE

          AN ALLEGED VIOLATION OF NEW JERSEY LAW CANNOT FORM
          THE BASIS OF A CLAIM UNDER 42 U.S.C. SECTION 1983. . . . . . . . . . . . . . . . 8

                    A.    Violations of State Law Do Not State a Claim Under 42 U.S.C.
                          § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                    B.    Dissemination of the Plaintiff's Photograph Does Not Constitute
                          a Violation of a Federal Constitutional Right. . . . . . . . . . . . . . . . . . . 12

POINT TWO

          THE COMPLAINT DOES NOT ASSERT A CLAIM FOR MUNICIPAL
          LIABILITY UNDER 42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

POINT THREE

          THE COURT SHOULD NOT RETAIN SUPPLEMENTAL JURISDICTION
          OVER THE ANY REMAINING STATE LAW CLAIMS. . . . . . . . . . . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## **TABLE OF AUTHORITIES**

**CASES CITED**                                                           **PAGE**

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir.1990). . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Baker v. McCollan*, 442 U.S. 137, (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Beauvil v. City of Asbury Park*, 2018 WL 2455928.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Blackwell v. Helb*, 2011 WL 436504 (D.N.J. January 31, 2011).. . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Blasio v. Township of Falls*, 208 WL 1136628 (E.D. PA 2008). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blessing v. Freestone*, 520 U.S. 329 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, 2016 WL 6803081 (D.N.J.
  Nov. 16, 2016.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bd. of County Commissioners v. Brown*, 117 S.Ct. 1382 (1997).. . . . . . . . . . . . . . . . . . . . . . . *16*

*Brown v. Commonwealth of PA Dep't of Health Emergency Med.*, 318 F. 3d 473 (3rd
  Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,1 6

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . 7

*Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600 (1979). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Christian v. Hamilton Jewelers*, 2014 WL 1515581 (D.N.J. April 17, 2014).. . . . . . . . . . . . . . . 14

*City of Canton v. Harris*, 489 U.S. 378 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). . . . . . . . . 15, 16

*In re Closing of Jamesburg High School*, 83 N.J. 540, 416 A.2d 896 (1980).. . . . . . . . . . . . . . . 10

*Craster v. Bd. of Comm'rs of Newark*, 9 N.J. 225, 87 A.2d 721 (1952). . . . . . . . . . . . . . . . . . . . 10

*DiProspero v. Penn*, 183 N.J. 477 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Eagle v. Morgan*, 88 F. 3d 620 (8th Cir. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Edwards v. Billmeir*, 2018 WL 5095993. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Elkin v. Fauver*, 969 F.2d 48 (3d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fraternal Order of Police v. City of Phila.*, 812 F. 2d 105 (3d Cir. 1987). . . . . . . . . . . . . . . . 12

*Lapella*, 2012 WL 2952411. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*McTernan v. City of York*, 564 F.3d 636 (3d Cir.2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Malleus v. George*, 641 F.3d 560 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mattern v. City of Sea Isle*, 131 F.Supp.3d 305 (D.N.J.2015). . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). . . . 15, 16, 17

*Muller v. Bristol Twp.*, No. 09–1086, 2009 WL 3028949 (E.D.Pa. Sept. 17, 2009). . . . . . . . . . . 16

*Nguyen v. Quick Check, Store No* 129, 2013 WL 6623923 (D.N.J. Dec. 16, 2013). . . . . . . . . . . 6

*Nunez v. Pachman*, 578 F. 3d 228 (3rd Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14

*O'Connell v. State*, 171 N.J. 484, 795 A.2d 857 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Paul P.*, 170 F. 3d at 401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Paul v. Davis*, 424 U.S. 693 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Piecknick v. Pennsylvania,* 36 F.3d 1250 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Rockefeller*, 184 F.3d 280, (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 16

*Sorrentino v. City of Philadelphia*, 1997 WL 597990 (E.D. Pa., September 16, 1997). . . . . . . . 13

*United States v. Hovnanian*, 2019WL1233082 (D.N.J. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wade v. Goodwin*, 843 F. 2d 1150 (8th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Woodruff v. Hamilton Twp. Public Schools*, 2008WL11449201.. . . . . . . . . . . . . . . . . . . . . . . 10

## S<small>TATUTES</small> C<small>ITED</small>

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17

N.J.S.A. 2C:14-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

New Jersey Open Public Records Act N.J.S.A. 47:1A-3b. . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

N.J.S.A. 53:1-15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10

## PRELIMINARY STATEMENT

In the Spring of 2018, the Holmdel Township Schools set up a surveillance camera at the Holmdel High School athletic complex. On May 1, 2018, plaintiff Thomas Tramaglini was found on the premises of the athletic complex by the School Resource Police Officer, Patrolman Jonathan Martin. Based on Patrolman Martin's observations, plaintiff was charged with public defecation, lewdness, and littering. In the following six months, plaintiff self-generated on-going media reports about his case, drawing a steady stream of public attention to his identity, image, and the charges pending against him in the Holmdel Township Municipal Court. On October 24, 2018, as part of a plea deal, plaintiff entered a guilty plea to public defecation.  That proceeding was open to the public.

The charging documents prepared by Patrolman Martin in connection with the May 1, 2018 incident are public records under the New Jersey Open Public Records Act (OPRA), N.J.S.A. 47:1A-3b. Thus, the information contained in the charging documents, *e.g.*, the plaintiff's name, the nature of the offenses, and the date, time and location where the offenses are alleged to have been committed is information that shall be available to the public, upon request, within 24 hours or as soon as practicable. (*Id.*).

Plaintiff brings this action, not because his identity and the nature and location of the alleged offenses were released to the public, but, rather, because his booking photograph was taken and because the photo appeared in media accounts reporting on the May 1, 2018 incident at the athletic complex. Defendants specifically deny that they disclosed the plaintiff's booking photograph to any media outlet. In filing this civil action, plaintiff attached the booking photograph as an exhibit to the complaint, making his image a public record in the entire federal court information system, and once again, subjecting his image to unlimited disclosure and

2

publication.

The claims asserted in the complaint are based on an alleged violation of a New Jersey statute (N.J.S.A. 53:1-15) that dictates the circumstances under which an individual's fingerprints must be taken and forwarded to the State Bureau of Identification. Defendants maintain that the fingerprinting statute does not proscribe when an individual's booking photograph may be taken.  Notwithstanding any dispute between the parties about the scope and reach of the fingerprinting statute, a valid claim under 42 U.S.C. § 1983 shall be based only on a violation of a federal constitutional right. A violation of State law does not state a claim under 42 U.S.C. §1983.

Moreover, there is no federal constitutional right that prohibits the taking of a booking, photograph and  no federal constitutional right to not have a booking photograph disseminated to the public. This case is the plaintiff's attempt to convert a State law claim for defamation into a federal constitutional case. There is no federal constitutional claim for alleged damage to reputation.

For these reasons, and in lieu of answering the complaint, the defendants now move to dismiss the complaint, with prejudice.

## STATEMENT OF FACTS

The factual allegations recited in the complaint are intentionally sparse, and do not fully and fairly inform a reviewing court of the circumstances surrounding the taking of the plaintiff's booking photograph.  This is true despite the existence of the underlying record in the matter of *State v. Thomas Tramaglini* and his prosecution in the Holmdel Municipal Court. The complaint, however, explicitly refers to and incorporates the Notice of Tort Claim.  Plaintiff filed the Notice

3

of Tort Claim in the court docket as Exhibit A to the complaint.[1]

Melding the facts alleged in the complaint, with the facts asserted in the Notice of Tort Claim and the attachments thereto, and the October 24, 2018 Judgment of Conviction, the following facts are the proper subject of the court's consideration in determining the motion *sub judice*.

Holmdel Township Patrolman Martin was, at all relevant times herein, the Holmdel Township High School Resource Officer. (Schwartz Cert., Exh. A, at ¶16). In response to a report made by Shane Fallon, the Holmdel Township Schools Athletic Director, on May 1, 2018, at approximately 5:45am,  Patrolman Martin responded to the Holmdel High School athletic complex. (*Id*., Exh. B, at 18 and Exh. A, at ¶ 24). Upon arriving at the high school athletic complex, Patrolman Martin approached the plaintiff. (*Id*., Exh. A, at ¶24).

At this point in the complaint, there is a patently discernable gap in the factual allegations. After alleging that Patrolman Martin approached the plaintiff, the complaint inexplicably implies that for no apparent reason, Patrolman Martin then "commanded Plaintiff to meet him at the Holmdel Township Police Department." (*Id*., at ¶ 25).

Plaintiff alleges that at no time during his encounter with Patrolman Martin at the Holmdel High School athletic complex during the early morning hours of May 1, 2018 was plaintiff free to leave. (*Id*., at ¶ 29).

Notwithstanding the allegation that "he was not free to leave," plaintiff was allowed to leave the premises of the high school athletic complex and drive his personal vehicle to the Holmdel Police Department headquarters. (*Id*., at ¶ 27). At the same time, Patrolman Martin

---

[1]  See Schwartz Cert., at Exh. A, ¶ 23, and Dkt. 2.

4

drove himself to police headquarters separately, in a municipal police vehicle. (*Id*).

In direct contrast with the claim that he was not fee to leave, plaintiff thereafter asserts that he was not *arrested* during the course of his encounter with the Holmdel Township Police Department.  (*Id*., at ¶ 39).

While Plaintiff was at the Holmdel Township Police Department on May 1, 2018, he was assigned Holmdel Township Police Department ID booking arrest number 008978, and was photographed by Patrolman Martin using a Holmdel Township Police Department camera and booking placard (the "Booking Photograph" or "Mug Shot")(*Id*.,at ¶ 30).

The Holmdel Police Arrest Report references that a surveillance DVD of the plaintiff was booked into evidence by Patrolman Martin under property number 18-201PR. (*See* Schwartz Cert., Exh. B, (Notice of Tort Claim, at pg. 18)).

On May 1, 2018, plaintiff was charged with the following offenses: Lewdness in violation of N.J.S.A. 2C:14-4; public defecation in violation of Holmdel Twp. Ordinance 3-21.24, and littering in violation of Holmdel Twp. Ordinance 3-10. The summons charging plaintiff with lewdness was mailed to him. Although the date that the lewdness summons was prepared and signed by Patrolman Martin was May 1, 2018, the envelope containing the lewdness summons is post-marked May 2, 2018. (45).  (*Id.*, Notice of Tort Claim, at pgs. 18, 20-21).

The complaint alleges that the booking photograph was immediately thereafter widely disseminated to the news media and others. (Schwartz Cert., Exh. A, at ¶¶34-35).  Notably, the complaint does not allege any facts to support the assertion that Patrolman Martin, or any other member of the Holmdel Township Police Department was responsible for, or that they had any involvement in the dissemination of the booking photograph to the media and others. Instead, the complaint relies on pure conjecture, speculation, and conclusions when it baldly asserts that

5

Patrolman Martin and  Police Chief Mioduszewski "disseminated plaintiff's Mug Shot. . . " (*Id*., at ¶ 68).

On October 24, 2018, in a plea deal in Holmdel Municipal Court, plaintiff pleaded to one count of public defecation. (*See* Schwartz Cert., Exh. C). He was sentenced to a $500.00 fine. (*Id*.). The remaining charges were dismissed as a result of the plea agreement. (Schwartz Cert., Exh. A., at ¶46).

Although purporting to address violations of plaintiff's rights as secured by the United States Constitution, Count One of the complaint is based entirely on alleged violations of New Jersey law, *i.e.*, the taking and dissemination of the plaintiff's booking photograph.

Finally, with regard to the conclusory assertion of an unconstitutional municipal policy in Count Two of the complaint, the plaintiff does not allege any facts that identify and describe any such alleged policy, and, the complaint does not allege how such unidentified policy was the moving force behind any alleged constitutional violation. (*Id*., at ¶ 83).

## **LEGAL STANDARD**

### A.     **Standard for Dismissal Under FR.Civ.P. 12(b)(6)**

The United States Supreme court has instructed that, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To have the requisite "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  These facts cannot be mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and the Court need not credit a Plaintiff's "bald assertions," or "bald conclusions."  *Ashcroft*, 556 U.S. at

678; *Nguyen v. Quick Check, Store No* 129, 2013 WL 6623923, at *2 (D.N.J. Dec. 16, 2013) (in deciding a motion to dismiss, the court is "free to ignore legal conclusions or factually unsupported accusations which merely state that 'the-defendant-unlawfully-harmed-me.'").

To determine the sufficiency of a complaint, a court must: (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-plead factual allegations" in the complaint "plausibly give rise to an entitlement for relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (""[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.").

In a motion to dismiss for failure to state a claim, a court can properly consider "matters incorporated by reference or integral to the claims, matters of which the Court may take judicial notice, matters of public record, orders, and other items of record in the case." *Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, 2016 WL 6803081, at *4 (D.N.J. Nov. 16, 2016). Additionally, " a district court may examine an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document,'" quoting *In re Rockefeller*, 184 F.3d 280, 287 (3d Cir. 1999) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *See also, United States v. Hovnanian*, 2019WL1233082 *3-4 (D.N.J. 2019).

As explained more fully below, the complaint fails because it is based on irrelevant provisions of New Jersey law that do not state a claim under 42 U.S.C. § 1983. Moreover, federal constitutional authority does not recognize the alleged conduct of the defendants as a violation of

the plaintiff's federal constitutional rights.

Finally, there is no basis for the court to retain jurisdiction over the plaintiff's

supplemental State law claims, and accordingly, the complaint should be dismissed in its

entirety, with prejudice.

## POINT ONE

### AN ALLEGED VIOLATION OF NEW JERSEY LAW CANNOT FORM THE BASIS OF A CLAIM UNDER 42 U.S.C. SECTION 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

federal constitution rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of

a right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick*

*v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  *Edwards v. Billmeir*, 2018 WL 5095993

*2-3.

However, a plaintiff's rights and remedies that may be cognizable under 42 U.S.C. §1983

are significantly limited. Indeed, Section 1983 is not a source of substantive rights, but rather a

vehicle by which only rights conferred by the Federal Constitution and federal laws may be

vindicated. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979); *Baker v. McCollan*, 442 U.S. 137, 144, at n. 3 (1979).  Section 1983 protects only against the violation of constitutional federal rights.  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).

Plaintiff does not identify any legal authority, either in a federal statute or in any federal court decision, that holds that taking his booking photograph constitutes a violation of a federal constitutional right.

In contrast, an alleged violation of State law - like the allegations in this case - do not state a claim under section 1983.  *See Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992).

The only articulated legal basis for the cause of action asserted in Count One of the complaint is an inapposite New Jersey statute, specifically N.J.S.A. 53:1-15, a state law that only specifies when a suspect's fingerprints must be taken and forwarded to the State Bureau of Identification , and an Executive Order No.69, signed by Governor Christie Whitman in 1997.[2]

Neither N.J.S.A. 53:1-15 nor Executive Order No. 69 prohibits taking a booking photograph under the circumstances of this case. Instead, the fingerprinting statute provides, in pertinent part, as follows:

### N.J.S.A. 53:1-15 Fingerprinting; forwarding copies

> The sheriffs, chiefs of police, members of the State Police and any other law enforcement agencies and officers shall, immediately upon the arrest of any person for an indictable offense, or for any of the grounds specified in paragraph (1), (2), (3) or (4) of subsection a. of section 5 of P.L. 1991, c. 261 (C.2C:25-21) or of any person believed to be wanted for an indictable offense, or believed to be an habitual criminal, or within a reasonable time after the filing of a complaint by a law enforcement officer charging any person with an indictable offense, or upon the arrest of any person for shoplifting, pursuant to N.J.S.2C:20-11, or upon

---

[2] *See* Executive Order No. 69, attached to Schwartz Cert., at Exh. D.

9

> the arrest of any person for prostitution, pursuant to N.J.S.2C:34-1, or the conviction of any other person charged with a nonindictable offense, where the identity of the person charged is in question, take the fingerprints of such person, according to the fingerprint system or identification established by the Superintendent of State Police and on the forms prescribed, and forward without delay two copies or more of the same, together with photographs and such other descriptions as may be required and with a history of the offense committed, to the State Bureau of Identification.

N.J.S.A. 53:1-15

Clearly, the fingerprinting statute cannot be reasonably read to proscribe taking booking photographs. With fingerprints as its subject matter, the law simply mandates when fingerprints *must be taken*. Taking booking photographs, to the extent that they may be considered as a subject of the law, are not proscribed under the plain language of N.J.S.A. 53:1-15.

In analyzing the fingerprinting statute, it is not the function of a court to "rewrite a plainly-written enactment of the Legislature or presume that the Legislature intended something other than that expressed by way of the plain language." *O'Connell v. State*, 171 N.J. 484, 488, 795 A.2d 857 (2002). Just as a court cannot "write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment," *Craster v. Bd. of Comm'rs of Newark*, 9 N.J. 225, 230, 87 A.2d 721 (1952), or "engage in conjecture or surmise which will circumvent the plain meaning of the act," *In re Closing of Jamesburg High School*, 83 N.J. 540, 548, 416 A.2d 896 (1980), a court cannot write a specific proscription on conduct that is not in the statute. Rather, the court's duty is to construe and apply the statute as enacted. *Ibid. Accord*, *Woodruff v. Hamilton Twp. Public Schools*, 2008WL11449201*4, citing *DiProspero v. Penn*, 183 N.J. 477, 492(2005).

### A. Violations of State Law Do Not State a Claim Under 42 U.S.C. § 1983

Notwithstanding the fact that no authority cited in the complaint or in the Notice of Tort

Claim creates a federal constitutional right to be free from having a booking photograph taken, it is well-settled that State statutory enactments do not create federal constitutional rights, nor do they state claims under 42 U.S.C. §1983:  *See Elkin v. Fauver*, *supra.,* at 52. Indeed,

> The Third Circuit has unequivocally stated that "[a]n alleged violation of state law ... does not state a claim under section 1983." *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992) (citing *Kasper v. Board of Election Comm'rs*. 814 F.3d 332, 342 (7th Cir. 1987)))." Section 1983 does not provide a cause of action for violation of state statutes, and ... a state statute cannot, in and of itself, create a constitutional right."  *Brown v. Grabowski*, 922 F.d 1097, 1113 (3d Cir. 1990); *see also Benn v. Universal Health Sys.*, 371 F.3d 165, 174 (3d Cir. 2004).  Because plaintiff has not alleged a violation of any federal or constitutional right, her § 1983 claims – against both Officer Whitney and the Township of Falls – must fail.

*Blasio v. Township of Falls*, 208 WL 1136628 *2 (E.D. PA 2008).

In *Nunez v. Pachman*, 578 F. 3d 228 (3rd Cir. 2009), an employee of the City of Union, New Jersey disclosed the plaintiff's expunged criminal record, in violation of a the New Jersey statute (N.J.S.A.2C:51-2(a)), restricting access to expunged records. Plaintiff sued, claiming that disclosure of the expunged records violated his right to privacy under the Due Process Clause and the Fourteenth Amendment. The Third Circuit held that the plaintiff failed to state a claim under the federal constitution, holding that "Mere allegations that an official failed to abide by state law will not suffice to state a constitutional claim." *Id.,* at 233.

Notably, in *Nunez*, the plaintiff's expunged records which would have been released to the public included processing records, fingerprints, *photographs*, and his rap sheet. *See Nunez*, *supra*, at 232, n.4.

In *Scheetz  v. The Morning Call, Inc.*, 946 F. 2d 202, 205-207 (3d Cir. 1991), the Third Circuit also found that "the question of whether a federal constitutional right to privacy has been violated is a distinct question from whether a federal statutory right to privacy . . . or a state

11

common law right to privacy has been violated," *Id.*, at 206-207, citing *United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989). The Court further found that "Reference to state law on confidentiality is not particularly useful to this analysis." *Scheetz*, *supra.*, at 207. Indeed, "New Jersey law, . . . is not determinative of the scope of the *constitutional* right of privacy." *Nunez*, *supra.*, at 233.

Accordingly, although the Holmdel defendants unequivocally deny that they had any involvement in the alleged dissemination of the plaintiff's booking photograph to the media, even the allegation of such conduct does not violate a federal constitutional right and it does not create an actionable claim under 42 U.S.C. § 1983.

### B.  Dissemination of the Plaintiff's Photograph Does Not Constitute a Violation of a Federal Constitutional Right

Plaintiff alleges that his right to due process under the Fifth Amendment was violated by the alleged dissemination of his photograph. He also claims that his privacy was violated, leading to an actionable claim under 42 U.S.C. § 1983.

This Circuit has recognized that

. . . courts have been "reluctant to expand" federal constitutional protection for confidential information, explaining that Due Process "shields from public scrutiny only that information which involves "deeply rooted notions of fundamental personal interests derived from the Constitution."

*Blackwell v. Helb*, 2011 WL 436504 (D.N.J. January 31, 2011), at *7, citing *Nunez*, *supra.*, at 232 (citations omitted). Further,

The right to informational privacy "protects against public disclosure only 'highly personal matters' representing 'the most intimate aspects of human affairs.' "*Nunez,* 578 F. 3d at 231-232 (quoting *Eagle v. Morgan*, 88 F. 3d 620, 625 (8th Cir. 1996); *Wade v. Goodwin*, 843 F. 2d 1150, 1153 (8th Cir. 1988). In considering new privacy claims premised on the right to confidential information discussed in *Whalen*, the Third Circuit has instructed courts to "look [] at whether [the information] is within an individual's reasonable expectations of confidentiality. The more intimate or personal the information,

12

the more justified is the expectation that it will not be subject to public scrutiny." *Paul P.*, 170 F. 3d at 401 (citing *Fraternal Order of Police v. City of Phila.*, 812 F. 2d 105, 112-113 (3d Cir. 1987).

*Blackwell*, *supra.*, at *7.

In *Scheetz, supra.,* at 205-207, a police report containing information regarding an alleged domestic violence incident - for which no charges were filed - was disseminated to newspapers. The plaintiffs sued claiming that their constitutional right to privacy had been violated. The Third Circuit held that because the plaintiffs failed to allege a violation of a constitutionally protected privacy interest, the matter was properly dismissed. In reaching this conclusion, the Court discussed what types of privacy interests are actionable under section 1983. The Court analyzed the decision of the United States Supreme Court in *Paul v. Davis*, 424 U.S. 693 (1986) in which the plaintiff, who had been arrested and acquitted of shoplifting, had his name and photograph included in a flyer of "known shoplifters" which was circulated to merchants by a group of police chiefs. In *Davis*, the Supreme Court "rejected the proposition that reputation alone was a liberty or property interest within the meaning of the due process clause . . ." and "concluded that publication by the state of an official act such as an arrest could not constitute invasion of the constitutional right to privacy." *Scheetz*, *supra.,* at 206, citing *Paul*, *supra*., at 713.

An individual's mug shot photo is a public record not subject to constitutional protection. *Sorrentino v. City of Philadelphia*, 1997 WL 597990 (E.D. Pa., September 16, 1997)*7, citing *Paul*, *supra.*, at 712-714.

The Court in *Scheetz* acknowledged that some violations of confidentiality may be actionable under section 1983, such as disclosure of medical records, psychological records, employment questionnaires, and personal presidential papers. *Id.*, at 206. However, only "information that the disclosing person reasonably expected to remain private," is actionable

13

under section 1983. *Id.*, at 207.

Plaintiff cannot claim that a photograph of his face is the type of highly personal matter representing "the most intimate aspects of human affairs." *Nunez, supra.*, at 231-232. Indeed, his image is readily available, on any day he chooses to be out in public, for the world to see. In fact, plaintiff included the alleged offending booking photo in his public filing of the complaint in this case.

Similarly, in *Christian v. Hamilton Jewelers*, 2014 WL 1515581 (D.N.J. April 17, 2014), Red Bank police disseminated information, including photographs, dates of birth, drivers' license numbers and the home addresses of the plaintiffs, who had committed no crime, notifying over 500 police agencies that they might be thieves. The plaintiffs alleged that their procedural due process rights were violated based on the damage to plaintiff Reverend Christian's reputation, and lost speaking engagements. The District Court found that even if the plaintiffs could prove government action that unlawfully stigmatized them, they failed to show that the publication of the information was materially false. *Id.*, at *6. Summary judgment was appropriate because dissemination of the information was justified, even if plaintiffs' privacy interests were implicated.  In the present case, defendant was charged with – and entered a guilty plea to public defecation.  He cannot claim that any public entity disseminated false information about him.

Finally, the entire proceeding against plaintiff was open to public scrutiny, including his guilty plea, in open court, to public defecation.  Further, the charging documents and arrest report, which disclosed plaintiff's name, the charges, the date of the offense and the location of the offense in plaintiff's case was readily available to the public through the New Jersey Open Public Records Act, N.J.S.A. 47:1A-3b.

Because plaintiff cannot show that he had a constitutionally protected privacy interest that

was violated, his lawsuit must be dismissed, with prejudice.

**POINT TWO**

**THE COMPLAINT DOES NOT ASSERT A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

Under 42 U.S.C.§ 1983 "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable...on a *respondeat superior* theory." *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, liability under § 1983 attaches to a municipality only where the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694, 98 S.Ct. 2018. Thus, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

As a consequence, a municipality may be liable under Section 1983 only where the constitutional injury is alleged to have been caused by a municipal "policy" or "custom" or "practice." *See Monell*, 436 U.S. at 694, 98 S.Ct. 2018.

To prevail on a *Monell* claim asserting municipal liability, a plaintiff must first establish that the municipality had a policy or custom that contributed to the deprivation of his constitutional rights. *See McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir.2009) (recognizing that there is a "two-path track to municipal liability under § 1983," either through government policy or custom); *Mattern v. City of Sea Isle*, 131 F.Supp.3d 305, 318 (D.N.J.2015). "Policy is made when a 'decision maker possess [ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990) (citation omitted). "A course of conduct

is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Id.* (quoting *Monell*, 436 U.S. at 698, 98 S.Ct. 2018).

To satisfy the pleading standard, a plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was" in the complaint. *McTernan*, 564 F.3d at 658 (upholding district court's dismissal of claims because simply paraphrasing § 1983 was not sufficient to allege a *Monell* claim). Factual allegations must give notice not only "as to the alleged wrongdoing of the individual police officers," but also "as to the alleged policy and custom of the municipality at issue." *Lapella*, 2012 WL 2952411, at *5 (citing *Muller v. Bristol Twp.*, No. 09–1086, 2009 WL 3028949, at *4 (E.D.Pa. Sept. 17, 2009)); see also *Santiago v. Warminster* Twp., 629 F.3d 121, 135 (3d Cir.2010) (affirming dismissal of claims against a municipality because the amended complaint failed to identify what action a municipal official took "that could fairly be said to be policy.").

Further, to establish a *Monell* claim, a plaintiff is required to prove that the municipality's "deliberate conduct . . . and that the constitutionally offensive policy was the '***moving force***' behind the alleged injury." *Bd. of County Commissioners v. Brown*, 117 S.Ct. 1382, 1388 (1997)(Emphasis added).  "Thus, [the] first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link [*the moving force*] between a municipal policy, custom, or practice, and the alleged constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), *Brown v. Commonwealth of PA Dep't of Health Emergency Med.*, 318 F. 3d 473, 482 (3rd Cir. 2003).

Here, the complaint does not allege any facts that may constitute an unconstitutional custom, policy, or practice, nor that such unconstitutional policy was the moving force behind the

17

constitutional depravation. The complaint does not even allege the formulaic elements of a *Monell* claim.

Instead, the Complaint merely alleges that the "Municipal employees were acting pursuant to a municipal "policy."  (*See* Schwartz Cert., Exh. A, at ¶ 83).  Nowhere in the Complaint does the plaintiff identify or describe an official policy, no less an official policy that violates the law.  This Court has found this type of pleading deficiency to be cause for dismissal of an alleged *Monell* claim.  *See Beauvil v. City of Asbury Park*, 2018 WL 2455928 *4-5.

Accordingly, any claim under 42 U.S.C. § 1983 deemed to be asserted in the complaint as against the Holmdel Township Police Department, or the Township of Holmdel, should be dismissed, with prejudice.

## POINT THREE

### THE COURT SHOULD NOT RETAIN SUPPLEMENTAL JURISDICTION OVER THE ANY REMAINING STATE LAW CLAIMS

The complaint pleads federal causes of action in Counts One and Two. The remaining claims pleaded assert only claims under State law causes of action, *e.g.*, Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Negligent Hiring, Training and Supervision, Defamation; False Light/Invasion of Privacy, and Intrusion of Seclusion

Accordingly, since the federal claims in Count One and Count Two should be dismissed, there is no basis to retain jurisdiction over the plaintiff's pure State law claims under 28 U.S.C. § 1367.

## CONCLUSION

For the foregoing reasons it is respectfully requested that the complaint be dismissed, with prejudice, as against defendants Township of Holmdel, Patrolman Jonathan C. Martin and

Police Chief John Mioduszewski.


Dated: June 21, 2019                          SCHWARTZ & POSNOCK
                                              Attorneys for Defendants Township of
                                              Holmdel and Patrolman Jonathan C. Martin,
                                              and Police Chief John Mioduszewski


                                              /s/ David A. Schwartz
                        By:     _____
                                  DAVID A. SCHWARTZ

19